# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-00186-GCM

| | |
|---|---|
| INVUE SECURITY PRODUCTS, INC., | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| HALO METRICS, INC., | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Count II of the Complaint (Doc. No. 14), Plaintiff's Response in Opposition (Doc. No. 17), and Defendant's Reply (Doc. No. 20). For the reasons stated below, Defendant's motion is **DENIED.**

Plaintiff InVue Security Products, Inc. ("InVue") filed a complaint in this Court on April 28, 2015 against Defendant Halo Metrics, Inc. ("Halo"), alleging Breach of Contract (Count I) and Breach of Fiduciary Duty (Count II). (Doc. No. 1). InVue's claims center around allegations that Halo, the exclusive distributor of InVue products in Canada, violated the terms of an agreement between the parties. (*Id.*) On June 30, 2015, Halo moved to dismiss Count II for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 14) In its motion, Halo argues that the complaint fails to adequately allege the existence of a fiduciary relationship between the parties. (*Id.*) In its Response, InVue disagrees, and submits that the existence of a fiduciary relationship is fact intensive and thus this issue should not be resolved on a motion to dismiss. (Doc. No. 17)

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint

in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

To survive a motion to dismiss, the plaintiff must include within its complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570)). Under New York law, "[t]he elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct." *Armentano v. Paraco Gas Corp.*, 935 N.Y.S.2d 304, 306 (N.Y. App. Div. 2011). A fiduciary relationship exists where, as between two parties, "one of them is under a duty to act for or give advice for the benefit of [the other] upon matters within the scope of the relation." *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 910 N.E.2d 976 (N.Y. 2009). Determining whether a fiduciary relationship exists requires the reviewing court to engage in fact-intensive analysis. *Id.*

InVue's complaint alleges that it was in a fiduciary relationship with Halo, the exclusive distributor of its products in Canada, at least in part because InVue "shared its [c]onfidential [i]nformation with" Halo for many years. (Compl. at 7) Among the information shared was "technical, commercial, financial, marketing, trade secret, [and] design concept" information.

2

(Compl. at 4) The complaint further alleges that Halo breached its duty both by violating the provisions of the parties' contract and by "failing to make good faith efforts" to complete its obligations. (*Id.*) This is sufficient at the pleading stage. Whether InVue "reposed confidence" in Halo and "reasonably relied on [its] superior expertise and knowledge," such that a fiduciary relationship existed between the two, is a disputed issue of fact that the Court cannot resolve at this stage. *See St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 167 (E.D.N.Y. 2010). Moreover, Halo will have the opportunity to assert this argument on a Motion for Summary Judgment. It is therefore ordered that Defendant's motion is **DENIED.**

    **SO ORDERED.**

Signed: November 3, 2015

Graham C. Mullen
United States District Judge